[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on September 1, 1973 in Watertown, Massachusetts. They have lived in the State of Connecticut since April 1977. There is one minor child issue of the marriage: Susan Simonds, born January 22, 1988.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth in46b-81, 46b-82, 46b-84 and 46b-56 of the Connecticut General CT Page 3196 Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 21 years. There are two children issue of the marriage, one of whom is a minor aged 6 years. The plaintiff has a Masters in Education and spent twelve years with disturbed children. The plaintiff has been dealing with a depression and an alcohol/drug problem. She is presently involved in a recovery process. The plaintiff has been unable to work for some time and although she hopes to become gainfully employed in the future, there is no prognosis as to when the plaintiff will be able to become gainfully employed.
The plaintiff was employed through most of the marriage. She earned $20,000 a year as a full time teaching instructor. In 1992 the plaintiff earned $40,000. per year as a result of three different teaching positions. The plaintiff is 43 years of age.
The defendant is 49 years old and in good health. He is presently the Chief Executive Officer of a Library Automation Company. His presently yearly salary is $61,620. according to the defendant's current financial affidavit.
The defendant was supportive of the plaintiff during her history of psychiatric and medical problems which dated back to the 1980's. During the plaintiff's illness, the defendant was the primary caretaker for the minor child. He has been involved throughout the marriage in the care and upbringing of both of the children.
The parties have filed a joint Bankruptcy which has disposed of most of their liabilities. The parties obtained a modification of the automatic stay in the Bankruptcy Court to proceed with this dissolution.
The marital home and the parties pension plans have been abandoned by the Trustee.
The only assets in this dissolution are the parties respective Pension Plans and the marital home. Both parties agreed that the marital home has a fair market value of $135,000. subject to a mortgage of $123,000 with an equity of $12,000. The wife has a pension of approximately $18,784 on which she could withdraw at this time, subject to taxes. The husband has a pension of $50,000. to which he has no access at this time. CT Page 3197
The plaintiff vacated the marital home sometime in March 1992 and the defendant has continued to reside in the marital home with the two children.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of their relationship.
The court has considered all the statutory criteria in arriving at the following orders which shall enter:
A. Custody Visitation
1. The parties entered into a written stipulation dated March 29, 1994, with respect to custody and visitation which the court approves and enters as an order.
2. Medical coverage. The parties also agreed that the defendant shall provide health insurance for the minor child. The defendant shall be responsible for all uninsured and/or unreimbursed medical and dental expenses for the minor child as long as the plaintiff is unemployed. When the plaintiff obtains full time employment all uninsured and/or unreimbursed medical and dental expenses for the minor child be equally divided between the parties.
B. Property Division
The following orders are entered with respect to a division of property of the parties.
1. Real Estate.
The plaintiff shall Quit Claim all her right, title and interest in the marital home located at 2 Park Circle, Milford Connecticut, to the defendant within 2 weeks of date. The defendant shall hold the plaintiff harmless from any and all liability with respect to the mortgages, taxes and insurance. This property has present net equity of $12,000.
2. Pension Plans.
1. The plaintiff shall be entitled to her Connecticut State Teachers Retirement Fund which has a net value after taxes of CT Page 3198 $14,276.
2. The plaintiff shall be entitled to a QDRO for 50% of the present day value of the defendants TIAA pension plan. The defendant has listed the value as $50,000. This will provide the plaintiff with approximately $22. per week or approximately $95. a month income.
C. Alimony.
1. The issue of alimony has been a difficult one. The Court recognizes that the defendant is the primary care taker for the minor child and has substantial Day Care expenses at least until September 1994. The defendant has not had an increase in salary since 1992. The defendant testified that both pays were necessary to maintain the household prior to the separation and now there is only one pay to run the two households.
2. The plaintiff testified that she has applied for Social Security Benefits and if successful she will receive $313. per month. She will also receive approximately $95. per month from the Defendants pension (QDRO).
3. Commencing forthwith, the defendant shall pay to the plaintiff as alimony the sum of $280. per week. Said alimony shall be payable until the death of the plaintiff, her remarriage or cohabitation as defined by statute or the death of the defendant.
4. In the event the plaintiff obtains and maintains full time employment for a period of four months then the defendant shall be entitled to a second look at the award of alimony.
D. Child Support
1. No order of child support is entered against the plaintiff in view of her unemployment status at this time.
2. It is contemplated that the plaintiff will have the minor child during the summer vacation for at least one month. In the event the child is with the plaintiff for more than one week, the defendant shall pay the sum of $25 per week toward the child's support and maintenance while she is with the plaintiff.
E. Medical Coverage CT Page 3199
1. The plaintiff shall be entitled to COBRA benefits through the defendant's Medical Coverage for a period of three years at her expense.
F. Life Insurance
1. The defendant shall provide and maintain Life Insurance as available through his employment in the amount of $122,000. (One Hundred Twenty Two Thousand Dollars) for the benefit of the plaintiff for so long as he has an alimony obligation and for the benefit of the minor child until she reaches the age of 18 years, dies or becomes emancipated. This provision shall be modifiable.
G. Counsel Fees
1. Each party shall be responsible for their respective Attorney's fees.
H. Miscellaneous
1. Each party shall retain all property or other assets which are presently in his/her name or possession.
COPPETO, J.